ALLISON *v.* BUSH.

4-6084 144 S. W. 2d 1087

Opinion delivered November 11, 1940.

*W. A. Jackson* and *W. E. Beloate,* for appellant.

*W. P. Smith* and *H. W. Judkins,* for appellee.

HUMPHREYS, J. On the 12th day of February, 1927, R. E. Allison executed a promissory note to Clay Sloan for $1,352 payable in annual installments, the last installment of $500 being due and payable December 1, 1929, with interest on the entire amount at 10 per cent. per annum from date until paid.

This note was secured by a deed of trust or mortgage executed to Dolph Sloan by R. E. Allison and Molly Allison, his wife, upon lots 1, 2, and 3 in block 2, Campbell's Addition to Alicia, Arkansas, in which she conveyed her dower and homestead interest and which deed was duly acknowledged and recorded.

This note and mortgage was assigned for a valuable consideration by Clay Sloan before maturity to G. H. Osburn.

G. H. Osburn died on January 10, 1933, and his executor and sole legatee brought a foreclosure suit in the Eastern District of Lawrence county to collect the note and subject the land to the payment thereof.

Clay Sloan had some interest in the note and mortgage on account of advances made by him to G. H. Osburn, and he was made a party defendant in the foreclosure suit and waived service. Molly Allison was made

a party defendant and personal service was obtained on her.

R. E. Allison was made a party defendant and service was obtained on him in the foreclosure proceeding by warning order.

The foreclosure proceeding was begun on the 23rd day of March, 1933. On the 19th day of September, 1933, a judgment was rendered in the foreclosure proceeding and a lien declared upon the land therefor and same was ordered sold at public sale according to law including the dower and homestead rights of Molly Allison.

The land was sold in accordance with the decree at which sale Claude R. Williams, executor and sole legatee of G. H. Osburn, purchased same. The sale was confirmed and the commissioner was ordered to make and did make a commissioner's deed to Claude R. Williams.

At the time of the sale of the land, Molly Allison, appellant and his brothers and sisters were residing thereon, and thereafter Molly Allison was ousted from the premises under a writ of assistance and appellant and his brothers and sisters removed from the place with their mother in 1935.

On March 30, 1935, Claude R. Williams, executor and sole legatee of G. H. Osburn, deceased, executed a deed to the appellees herein, Rolph Bush and Mrs. Rolph Bush, for a valuable consideration, and they entered into possession of the property and made valuable improvements thereon.

The decree in foreclosure recited on the face thereof proof of publication of the warning order upon R. E. Allison and the appointment of Roy Mullens, a regular practicing attorney at the bar of the court, to represent him and the report of said attorney and also recites waiver of service by Clay Sloan and personal service upon Molly Allison. It also recites that an affidavit was made for the warning order against R. E. Allison by the attorney of Claude R. Williams, executor and sole legatee of G. H. Osburn, deceased.

On September 16, 1939, appellant, Warren Allison, brought this suit in ejectment in the circuit court of Lawrence county, Eastern District, against appellees, Rolph Bush and Mrs. Rolph Bush, alleging ownership of an undivided one-fourth interest in the said lots and a homestead right therein by inheritance from R. E. Allison, his father, who died prior to the foreclosure proceeding and was dead at the time the suit was brought against him as a nonresident defendant, and that said appellant and his brothers and sisters were not made parties to the foreclosure proceeding, and that on that account the foreclosure proceeding was void and that neither appellees nor their grantor acquired title to the lots under the foreclosure proceeding. He also alleged that the affidavit for the warning order was made by the attorney of Claude R. Williams, the executor, instead of Claude R. Williams himself, and that the warning order was not published for the time required by law.

The undisputed proof in the case shows that R. E. Allison went to Old Mexico in 1929, and that the last heard from him was on January 4, 1930. There is no actual proof as to when or where he died if he died at all.

Appellant contends that his father was dead at the time the foreclosure suit was instituted and relies upon the presumption that he was dead because the last letter or postal received from him was January 4, 1930. As stated above, the foreclosure suit was commenced on March 23, 1933. Our statute, § 5120 of Pope's Digest, fixes five years as the time a person must be proved absent before death can be presumed. It follows that no presumption of death existed, for no presumption of death can be indulged upon the date the suit was commenced because less than five years had intervened between the date he was last heard from and the time the foreclosure suit was begun. As stated above there was no actual proof of his death prior to the institution of the foreclosure suit. The undisputed proof is that he was a nonresident at the time the suit was begun, and service upon him as a nonresident was proper in order to give the court jurisdiction for the purposes of enforcing a mortgage lien on the property.

Appellant contends, however, that the affidavit was not sufficient as a basis of the warning order, and that the warning order was not published for a sufficient length of time. If the affidavit was insufficient, it may have been amended before the judgment was rendered, and the proof of the publication of the warning order may have also been amended to show that it had been published a sufficient length of time. Anyhow the judgment on its face shows that R. E. Allison was served according to law at the time of the rendition of the foreclosure decree.

It must be remembered that this suit in ejectment by appellant is a collateral attack on the decree for irregularities, and a decree cannot be attacked collaterally if simply voidable. The decree cannot be attacked collaterally unless it is void on its face.

We think before appellant can collaterally attack the foreclosure decree by this ejectment proceeding he must have gone into the chancery court and succeeded in setting the decree aside on some ground justifying the cancellation thereof. In an ejectment suit one cannot obtain the cancellation of a decree which is merely voidable or valid upon its face. It will be remembered that there was no appeal from the decree of foreclosure. It became final and binding upon all the parties and their privies long before this suit in ejectment was commenced and long before this collateral attack upon the decree. The validity of the mortgage debt was not questioned. The only contention is that the decree enforcing the mortgage debt against the lots was irregular and voidable. The foreclosure decree even if voidable for irregularities could not be canceled in a proceeding in ejectment, the only remedy being to bring suit in a court of chancery to cancel same on account of the alleged irregularities. Of course it would be different if the foreclosure decree were void on its face and not merely voidable on account of irregularities.

No error appearing, the judgment is affirmed.